UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHANTA RANDLE                                    CASE NO.  5:23-CV-00210

VERSUS                                           JUDGE TERRY A. DOUGHTY

AMERICAN SECURITY INSURANCE CO                   MAGISTRATE JUDGE HORNSBY

MEMORANDUM RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 20] filed by Defendant American Security Insurance Company ("American"). No Opposition was filed.

For the reasons set forth herein, American's Motion for Summary Judgment is **GRANTED.**

**I.     FACTS AND PROCEDURAL BACKGROUND**

This is a property damage insurance claim that resulted from the effects of Winter Storm Uri around February 13-17, 2021.[1] The damaged property at issue here is located at 1358 Anita Street, Bossier City, Louisiana, 70112.[2] American issued a Residential Dwelling Certificate No. MLR15039748466 (the "Policy") to Regions Bank, its successors and/or assigns, as a named insured.[3] No other named insured was listed on the declarations page of the Policy.[4] However, the declaration page listed Shanta Randle as a "Borrower."[5] The Policy defines a borrower as "the person or persons who have entered into a lien or mortgage agreement with the named insured for the property shown as the described location in the Declarations."[6] "'You' and 'your' refer to the financial institution shown as the named insured in the Declarations."[7]

---

[1] [Doc. No. 1, p. 2].
[2] [Id.].
[3] [Doc. No. 20-1, p. 2, Doc. No. 24, p. 7].
[4] [Doc No. 24, p. 7].
[5] [Id.]
[6] [Id. at 9].
[7] [Id.]

1

Essential to the claims here, the Policy provides the following:

12. Loss Payment.

> a. [American Security] will initiate loss adjustment of a claim with named insured. Loss will be made payable to the named insured. No coverage will be available to any mortgagee other than that shown as the named insured on the Declarations. [8]
> \*\*\*
> b. [American Security] will make written offer to the named insured to settle a claim within 30 days after receipt of satisfactory proof of loss of that claim.[9]
> \*\*\*
> c. Loss will be made payable to the named insured [Lender]. No coverage will be available to any mortgagee other than that shown as the named insured on the Declarations. The undisputed portion of the loss will be payable within 30 days after [American Security] receive[s] [Lender's] proof of loss.[10]

On February 16, 2023, Plaintiff filed a complaint in federal court on the basis of diversity jurisdiction.[11] On March 14, 2024, Defendant filed the instant Motion asserting that Randle does not have a cause of action to enforce the policy under Louisiana law and, as such, there is no bad faith claim.[12] Accordingly, American seeks summary dismissal of all claims filed by Plaintiff against it.[13]

The issues have been briefed, and the Court is prepared to rule.

## II.     LAW AND ANALYSIS

### A.     Summary Judgment Standard

Under FED. R. CIV. P. 56(a), "[a] party may move for summary judgment, [and] [t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any

---

[8] [Doc. No. 24, p. 22].
[9] [Id.].
[10] [Id.]
[11] [Doc. No. 1].
[12] [Doc. No. 20].
[13] [Id.]

material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 fn.3 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, 2001 WL 1910556, at 5-6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id.* at 1 and n.2; see also *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent

summary judgment evidence and movant's evidence may be accepted as undisputed). See also: *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex.) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence.").

The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Further, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). Courts "may not make credibility determinations or weigh the evidence" at the summary judgment stage and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state.

**B.    The Policy**

Under Louisiana law, "an insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (quoting *Cadwallader v. Allstate Ins. Co.*, 2002-1637 (La. 6/27/03), 848 So. 2d 577, 580). If the contract is clear and unambiguous and does not have absurd consequences, the court applies the ordinary meaning of the contractual language. *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.,* 630 So. 2d 759, 763 (La. 1994) (citing LA. CIV. CODE art. 2050). If the contract has ambiguous

provisions, the ambiguity "must be resolved by construing the policy as a whole." *Id*. The party seeking coverage under an insurance policy has the burden of proving the existence of coverage, which includes proving that the party seeking coverage is insured by the policy at issue. *Beavers v. Hanover Insurance Company*, 331 So. 340, 345 (La. App. 1st Cir. 10/8/21). In fact, the plaintiff must establish every act of her claim.

"To state a claim under an insurance policy, the plaintiff must be a named insured, an additional insured, or an intended third-party beneficiary of the policy." *James v. Am. Sec. Ins. Co.*, No. CV 21-1861, 2021 WL 5795292, at *2 (E.D. La. Dec. 7, 2021; see also *Williams v. Certain Underwriters at Lloyd's of London,* 398 F. App'x 44, 48–49 (5th Cir. 2010). Pursuant to Louisiana law, a party may stipulate a benefit for a third person, called a third-party beneficiary. La Civ. Code art. 1978. "There are three key criteria under Louisiana law for determining whether such stipulation exists in a contract: (1) the stipulation must be "manifestly clear;" (2) the benefit to the third party must be certain; and (3) the benefit may not be a "mere incident" of the contract." *Haley v. American Security Insurance Company*, 643 F.Supp.3d 604, 611 (E.D. La. Nov. 29, 2022).

Plaintiff seeks to recover "direct benefits" under the Policy, such as policy benefits, penalties, and attorney fees for bad faith.[14] Defendant argues that Plaintiff cannot establish every fact essential to her claim, such as that Plaintiff was the beneficiary under the Policy, so it is entitled to judgment as a matter of law.[15] Considering the uncontroverted evidence before the Court and persuasive cases on point, Defendant has demonstrated that Plaintiff lacks standing to assert claims for breach of contract and bad faith under the Policy.

---

[14] [Doc. No. 1, p. 3-5].
[15] [Doc. No. 20-1].

In *James v. American Security Insurance Co.*, the court found that a homeowner-borrower cannot prove that he is a third-party beneficiary unless the insurance contract states that the borrower is to receive proceeds under the policy or has some right to report the damage to the insurance company. No. CV 21-1861, 2021 WL 5795292 at *2 (E.D. La. Dec 7, 2021). The plaintiff in *James* brought a breach of contract claim and a bad faith claim against the insurance company. *Id.* The loss payment provisions in the contract stated any payment was due to the named insured, the lender. *Id.* Accordingly, the court dismissed the homeowner-borrower's claims because there was no clear stipulation for the benefit of the third party in the insurance policy. *Id.*

Similar to *James*, Randle is not a named insured or additional insured on the policy. Nor has Randle proven she was a third-party beneficiary. Plaintiff has failed to provide any evidence that she was listed or intended to be a named insured, additional insured, or third-party beneficiary. Like the plaintiff in *James,* Randle is only listed as a borrower in the policy. Simply being listed as the borrower does not manifest a clear intention to benefit Randle as a third-party beneficiary under the policy. Further, Randle has failed to rebut or otherwise respond to American's assertion that Randle is not a direct beneficiary of the policy.

In *Stall v. State Farm Fire and Cas. Co*., the Louisiana Fourth Circuit Court of Appeals stated that a condominium owner was not a named insured under the insurance policy and thus could not assert that she was entitled to any insurance benefit as a result of hurricane damage. 995 So.2d 670, 674 (La. App. 4 Cir. 10/29/08). Nor could the plaintiff prove she was a third-party beneficiary as there was no "clear expression of intent to benefit the third party" as required under Louisiana jurisprudence. *Id*.

Just as the plaintiff in *Stall* could not prove that she was a third-party beneficiary, neither can Randle. Randle has failed to present any evidence of a clear expression of intent to benefit as

6

a third-party beneficiary under the Policy. Reading the Policy as it is written, only Regions Bank was the named insured. The only place Randle's name appears on the Policy is as borrower. As stated previously, a borrower is not intended to be a named insured, additional insured, or third-party beneficiary.

In *Hayley,* the plaintiff, a homeowner, brought breach of contract and bad faith claims against the defendant for hurricane damage to his property. 634 F.Supp., 604 (E.D. La. Nov. 29, 2022). The plaintiff was listed only as a borrower on the policy. Defendant filed a motion for summary judgment, which was unopposed, asserting that the plaintiff had no standing to sue and thus could assert a bad faith claim. *Id*. The court granted the Defendant's motion because the court could not find that the policy manifestly asserted a clear and certain benefit onto Plaintiff. *Id*. at 612.

The *Hayley* case is exactly on point to the instant matter. Plaintiff is listed on the Policy as a "Borrower," not as an insured, additional insured, or third-party beneficiary. The plain language of the Policy provides right to the named insured, not the borrower.

Under both La. R.S. 22:1892 and La. R.S. 22:1973, a party asserting a breach of contract claim must have a valid, cognizable claim upon which the insurance coverage is based. For the reasons stated above, Randle does not have a claim for insurance coverage under the contract because she is not a named insured, additional insured, or third-party beneficiary. Because the Court finds that Randle has no standing to assert a breach of contract claim, she is not entitled to assert a bad faith claim.

### III. CONCLUSION

For the reasons set forth herein,

7

8

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion for Summary Judgment [Doc. No. 20] filed by American is **GRANTED**, and Plaintiff Shanta Randle's claims against American Security Insurance Company are **DISMISSED WITH PREJUDICE.**

MONROE, LOUISIANA, this 15th day of April 2024.

                                     **TERRY A. DOUGHTY**
                                     **UNITED STATES DISTRICT**